UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-16-RJC-CH-1

| UNITED STATES, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| MICHAEL VASHAWN DRAYTON, | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 57).

Defendant pleaded guilty to three counts of bank robbery (Counts 1, 3, 5); armed bank robbery (Count 9); brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 10); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count 11). (Doc. No. 10). The Government dismissed five additional charges in exchange for the Defendant's plea. (Doc. No. 10). On January 1, 2006, he was sentenced to a total of 272 months' imprisonment, including a consecutive 84-month sentence for the § 924(c) violation in Count 10, and an enhanced sentence of 188 months for Count 11 pursuant to 18 U.S.C. § 924(e)(1) because the Defendant had three previous convictions for a violent felony or serious drug offense. (Doc. Nos. 10, 19). The Fourth Circuit affirmed the Defendant's conviction and sentence on direct appeal. United States v. Drayton, 212 F. App'x 248 (4th Cir. 2007).

The Defendant then prosecuted two unsuccessful post-conviction proceedings pursuant to 28 U.S.C. § 2255, Case Nos. 3:08-cv-68-RJC and 3:14-cv-346-RJC. The Defendant filed a third § 2255 petition pursuant to Johnson v. United States, 576 U.S. 591 (2015) after the Fourth Circuit granted him authorization to do so, Case No. 3:16-cv-396-RJC. The Court granted relief on the

1

armed career criminal enhancement for Count 11 and resentenced him to 120 months' imprisonment for that Count. (3:16-cv-396, Doc. Nos. 11, 18) (granting in part the § 2255 petition; the appeal was dismissed for lack of prosecution). The Court entered an Amended Judgment on July 13, 2017. (Doc. No. 46).

On March 26, 2021,[1] the Defendant filed a Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 55). The Motion was denied without prejudice on March 29, 2021 because the Defendant did not first seek relief from the Warden. (Doc. No. 56).

The Defendant then apparently sought a sentence reduction and/or compassionate release from the Warden of the federal prison based on the Defendant's concerns about COVID-19 and his health conditions. See (Doc. No. 57 at 18). The Warden denied the Defendant's request on April 8, 2021 because his concern about being exposed to, or potentially contracting COVID-19 did not warrant early release from his sentence at that time. (Id.).

On April 19, 2021,[2] the Defendant filed the instant Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in which he seeks compassionate release under § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 57). He appears to argue:[3] (1) he should be granted compassionate release because (a) the 84-month consecutive sentence for the § 924(c) violation in Count 10 should be un-stacked and (b) due to extraordinary circumstances including the COVID-19 crisis and family hardship; and (2) the Defendant's guilty plea to the § 922(g) offense in Count 11 should be vacated pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019) and United States

---

[1] The Motion is dated March 22, 2021, but the Defendant does not certify the date upon which he surrendered the Motion to prison officials for mailing. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

[2] The Motion is dated April 12, 2021, but the Defendant has again failed to certify the date upon which he surrendered it to prison officials for mailing.

[3] The Defendant's claims have been restated and renumbered.

v. Gary, 954 F.3d 194 (4th Cir. 2020).[4] The Defendant asks the Court to appoint counsel for purposes of seeking a sentence reduction.

As a preliminary matter, the Defendant's request for the appointment of counsel will be denied. There is no general constitutional right to the appointment of counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further."). The Court has discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). The record reflects that the Defendant is capable of presenting his reasons for requesting compassionate release without the assistance of counsel. The Court therefore finds that the appointment of counsel is not required by the interests of justice and the request is denied.

Next, the Defendant asks the Court to reduce his sentence by un-stacking the § 924(c) sentence and to grant him compassionate release due to the existence of extraordinary circumstances. Upon consideration of the Motion and the record of prior proceedings, the Court determines that the United States Attorney should respond to the Defendant's Motion and file a proposed order for the Court's consideration. Accordingly, the United States will be required to respond to the Defendant's requests for sentence reduction and compassionate release within **thirty (30) days** of this Order.

Finally, the Defendant asks the Court to vacate Count 11 pursuant to Rehaif. This request is in the nature of a § 2255 Motion to Vacate. Although the Defendant has filed prior § 2255 petitions, the Amended Judgment entered on July 13, 2017 appears to have re-set the § 2255

---

[4] The United States Supreme Court reversed Gary on June 14, 2021 *sub nom* Greer v. United States, 141 S.Ct. 2090 (2021).

counter back to zero and, if so, this would constitute an initial § 2255 Motion to Vacate were it recharacterized. See Magwood v. Patterson, 561 US 320 (2010) (an intervening judgment re-starts the habeas counter); In re Gray, 850 F.3d 139, 143 (4th Cir. 2017) (when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction; it is the newness of the intervening judgment as a whole that resets the habeas counter to zero). Before the Court construes the action as one arising under § 2255, the Defendant is entitled to notice and the opportunity to state whether he intended to bring the action as one arising under § 2255. United States v. Castro, 540 U.S. 375, 383 (2003) (a "court cannot … recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."); see United States v. Blackstock, 513 F.3d 128, 134-35 (4th Cir. 2008). Before making that decision, the Defendant should consider that recharacterization will subject subsequent § 2255 motions to vacate to the law's "second or successive" restrictions, so that she may not bring a second or successive motion under § 2255 without first obtaining authorization by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Authorization to file second or successive motions to vacate is rarely granted.

Further, the Motion is insufficient to proceed as a § 2255 Motion to Vacate in that it has not been submitted on, and does not substantially follow, the required form and it is not verified in accordance with federal law. See Rule 2(b), (c), 28 U.S.C. foll. § 2255 (requiring a § 2255 motion to "substantially follow" the required form and to be verified); 28 U.S.C. § 1746 (addressing verification). The Defendant is further cautioned that a one-year statute of limitations

4

applies to motions to vacate under § 2255,[5] which is subject to equitable tolling in rare circumstances. See Holland v. Florida, 560 U.S 631, 649 (2010) (equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing). If the Defendant chooses to file a § 2255 Motion to Vacate on the required form, he should explain why it is not time-barred. See McMillan v. Jarvis, 332 F.3d 244, 250 (4th Cir. 2003) (the requirement in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that a petitioner be offered an opportunity to explain why an apparently untimely habeas application is subject to some exception extends to both *pro se* habeas petitioners and those represented by counsel).

The Defendant shall have **thirty (30) days** from the date of this Order in which to either withdraw his § 922(g) claim, or file a § 2255 Motion to Vacate in accordance with this Order and all applicable timeliness and procedural requirements. See generally Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will result in dismissal of the § 922(g) challenge to Count 11 without further notice.

---

[5] The one-year statute of limitations runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**IT IS, THEREFORE, ORDERED** that:

1. The United States Attorney shall have **thirty (30) days** to respond to the Defendant's Motion for compassionate release and file a proposed order for the Court's consideration.

2. The Defendant shall have **thirty (30) days** from the date of this Order in which to withdraw his § 922(g) claim, or file a § 2255 Motion to Vacate in accordance with this Order and all applicable timeliness and procedural requirements. If the Defendant takes no action within **thirty (30) days** of this Order, the § 922(g) claim will be dismissed without further notice.

3. The Defendant's request for the appointment of counsel is **DENIED**.

4. The Clerk is instructed to mail the Defendant a blank § 2255 form.

Signed: July 12, 2021

Robert J. Conrad, Jr.
United States District Judge